# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 08-0548

Peter L. Kouvaris, Appellant,

v.

Eric K. Shinseki,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued January 15, 2009                                    Decided February 25, 2009)

*Landon E. Overby*, of Washington, D.C., with whom *Robert V. Chisholm,* of Providence, Rhode Island, and *Zachary M. Stolz*, of Washington, D.C., were on the pleadings, for the appellant.

*Richard Mayerick*, with whom *John H. Thompson*, Acting General Counsel; *R. Randall Campbell*, Assistant General Counsel, all of Washington D.C., were on the pleadings, for the appellee.

Before KASOLD, LANCE, and DAVIS, *Judges*.

KASOLD, *Judge*: Peter L. Kouvaris appeals a July 17, 2007, decision of the Board of Veterans' Appeals (Board) that denied disability compensation for residuals of a gastrectomy because they were not service connected. For the reasons set forth below, this appeal will be dismissed for lack of jurisdiction.

## I. FACTS

Mr. Kouvaris filed a Notice of Appeal (NOA) with the Court on February 15, 2008, more than 120 days after the date the Board decision was mailed to him. He also filed a VA Form 21-4138 (Statement in Support of Claim), with the Board on October 12, 2007, well within the 120-day filing period. That form has "Notice of Disagreement" written across the top. It also includes Mr. Kouvaris's name, address, telephone number, and Department of Veterans Affairs claims file

number, and it states that "[b]eing the above named Veteran I wish to file this notice of disagreement with the Department of Veterans Affairs Board of Veterans' Appeals." For reasons not known, the form was forwarded by the Board to the Providence, Rhode Island, regional office (RO). The RO then sent Mr. Kouvaris a letter on November 14, 2007, that advised him that if he wanted to appeal the Board decision he should send his appeal to the Court. Mr. Kouvaris then filed the document with the Court.

## II. ARGUMENTS OF THE PARTIES

In response to an order to show cause why his appeal should not be dismissed, as well as in response to an order for supplemental briefing, Mr. Kouvaris argues that the VA Form 21-4138 that he filed with the Board constitutes an NOA. Assuming arguendo that it constitutes an NOA, Mr. Kouvaris recognizes that it was not timely mailed to the Court. He argues, however, that it was timely received by the Board, and that this reciept should be considered a timely filing of an appeal to the Court for our jurisdictional purposes. In the alternative, Mr. Kouvaris argues that this document constitutes a motion for reconsideration by the Board pursuant to 38 C.F.R. § 20.1001 (2009).

Mr. Kouvaris acknowledges that the recent decisions in *Bowles v. Russell*, 127 S. Ct. 2360, 2365 (2008) and *Henderson v. Peake*, 22 Vet.App. 217 (2008) stand for the proposition that the time to file an appeal is jurisdictional and may not be equitably tolled, but he distinguishes these cases by noting that they did not involve a timely, albeit misfiled appeal, that he argues is the case here. Mr. Kouvaris further argues that 38 U.S.C. § 7266(a) permits the Court to treat a misfiling with the Secretary as a deemed filing at the Court. By way of analogy, he notes that certain misfilings in the wrong Federal court have been recognized by judicial decision or rule as filed in the correct court on the date of the misfiling in the wrong court. *See* FED. R. APP. P. 4(d) (governing misfilings in U.S. Circuit Courts of Appeal); *see also* 28 U.S.C. § 1631 (in cases of misfiling, authorizing appeals to proceed as if they "had been filed or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred"). Mr. Kouvaris also notes that although not explicitly authorized by statute, the Supreme Court has recognized the date a pro se prisoner deposits a notice of appeal with a prison official for mailing

as the date it was filed with the court. *See Houston v. Lack*, 487 U.S. 266 (1988); *but see Elsevier v. Derwinski*, 1 Vet.App. 150 (1991) (rejecting the argument that a filing at the RO or Board could be constructively filed with the Court).

The Secretary argues that *Henderson*, *supra*, controls this matter and that equitable tolling is not permitted. He also notes that Mr. Kouvaris did not characterize his filing as a motion for reconsideration until doing so in his supplemental briefing.

### III. ANALYSIS

A. Form 21-4138 filed at the Board is not an NOA.

It is well settled that a document filed with the Court will be liberally construed to constitute an NOA "'as long as the intent to seek Court review is clear from the document as a whole and the circumstances of its filing with the Court.'" *Durr v. Nicholson*, 400 F.3d 1375, 1381 (Fed. Cir. 2005) (quoting *In Re Rules of Practice & Proc.*, U.S. Vet. App. Misc. No. 1-02 (Sept. 17, 2002)); *Losh v. Brown*, 6 Vet.App. 87, 90 (1993) ("Court has traditionally adopted a liberal rule of construction as to what constitutes a valid NOA"); *see also Chadwick v. Derwinski*, 1 Vet.App. 74 (1990) (holding that a VA Form 21-4138 that meets the substantive requirements of both section 7266(a) and Rule 3 of the Court's Rules and requests review by the Court is an NOA).

Thus, the failure to explicitly ask for judicial review, or state that one is appealing, does not necessarily mean that a document filed with the Court will not be considered an NOA. Even a pro se appellant's letter to the Court "can be seen as an effort by an appellant who . . . was perhaps not aware of the difference between adjudication and appellate review, to pursue his claim to the next appropriate level in the system." *Calma v. Brown*, 9 Vet.App. 11, 15 (1996) (further noting that pro se appellant's letter expressing a desire to "'follow the legal flow' combined with the direction of this desire in writing to this Court, is sufficient, in this case, to satisfy the section 7266(a) requirement, as interpreted in *Chadwick*, that an NOA request review by this Court").

In this instance, although the Form 21-4138 filed by Mr. Kouvaris fails to explicitly express an intent to seek judicial review, it does evince a disagreement with the only Board decision of record. However, when Mr. Kouvaris filed his Form 21-4138 with the Board, it lacked any indicia of intent to seek review by the Court. The document had "Notice of Disagreement" written across

3

the top; it not only was filed with the Board, it also expressed the explicit intent to "file this notice of disagreement with the Department of Veterans Affairs Board of Veterans' Appeals." Thus, even liberally read, the content of the form and circumstances of filing it at the Board do not support a conclusion that the document constituted a misfiled NOA at that time. Under these circumstances, we need not decide whether an NOA misfiled below may be deemed filed at the Court on the date of the misfiling below.

B. Form 21-4138 filed at the Board is a request for reconsideration.

Piecemeal litigation generally is not permissible. *See Burton v. Principi*, 15 Vet.App. 276, 277 (2001) (per curiam order) ("We should not encourage the kind of piecemeal litigation in which the appellant here has engaged."); *Fugere v. Derwinski*, 1 Vet.App. 103, 105 (1990) ("[a]dvancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court" because piecemeal litigation hinders the decisionmaking process). With regard to Mr. Kouvaris's belated contention that the Form 21-4138 he filed with the Board constituted a request for reconsideration, Mr. Kouvaris's counsel informed the Court that he filed the appeal based on the letter Mr. Kouvaris had received from the RO and without having the opportunity to review the VA claims file. Additionally, when he responded to the show cause order he had not yet seen the Form 21-4138 his client had filed with the Board. Upon receipt of a copy of the Form 21-4138 filed below, Mr. Kouvaris promptly raised the alternative argument that it constituted a request for reconsideration, and so informed the Secretary of the reason for this late argument. Mr. Kouvaris also notes that it was the RO that originally implied that the Form 21-4138 indicated an intent to appeal the matter to the Court, and prompted Mr. Kouvaris to file an appeal with the Court. Mr. Kouvaris further argues that inasmuch as his filing was forwarded by the Board to the RO and then returned to Mr. Kouvaris with the suggestion that if he wanted to appeal the decision of the Board he should file an appeal with the Court, it was reasonable for Mr. Kouvaris, who was pro se at the time, to believe the Board was not going to reconsider his claim and that his only avenue for review was to appeal to the Court. Under these circumstances, Mr. Kouvaris's alternative argument will be considered. *See Maggitt v. West*, 202 F.3d 1370, 1377-78 (Fed. Cir. 2000) (if Court has jurisdiction over the claim, issues presented for the first time on appeal may be addressed, disregarded, or remanded back to the Board for further development).

Pursuant to paragraph (a) of 38 C.F.R. § 20.1001, a motion for reconsideration must be in writing and must include (1) the name of the veteran, (2) the applicable VA file number, and (3) the date of the Board's decision to be reconsidered. With the exception of the date of the Board decision to be reconsidered, (which was apparent from the circumstances, as mentioned above), the Form 21-4138 filed by Mr. Kouvaris met these requirements. A request for reconsideration must also set forth the alleged obvious error of fact or law in the applicable decision of the Board, or other appropriate basis for requesting reconsideration, 38 C.F.R. § 20.1001(a), and the Form 21-4138 filed below by Mr. Kouvaris meets this requirement as well. Specifically, the form explains Mr. Kouvaris's assertion that the Board failed to properly consider medical and hospital records that may provide the required nexus for service connection. *See Carpenter v. West*, 11 Vet.App. 140, 146-47 (1998) (Board must review all issues reasonably raised by liberal reading of appeal).

A request for reconsideration also should be filed specifically with the Director, Management and Administration (01E), at the Board. 38 C.F.R. § 20.1001(b). In light of the veteran-friendly nature of the veterans benefits system, however, strict compliance as to where within the Board, or even within VA, the motion for reconsideration must be filed is not required. *See Jaquay v. Principi*, 304 F.3d 1276, 1287 (Fed. Cir. 2002) (holding that the language of 38 C.F.R. § 20.1001 stating that motions for reconsideration "must be filed at the following address" is merely for the administrative convenience of the Board). Accordingly, the Court concludes that Mr. Kouvaris's filing constituted a motion for reconsideration, which is still pending below. *Cf. Beyrle v. Brown*, 9 Vet.App. 24, 28 (1996) ("Whether a document is an NOD [Notice of Disagreement] is a question of law for the Court to determine de novo under 38 U.S.C. § 7261(a)."); *Gibson v. Peake*, 22 Vet.App. 11, 15 (2007) (whether a document constitutes a Substantive Appeal to the Board is a matter of law, which the Court reviews de novo). Moreover, because Mr. Kouvaris filed with the Board a motion for reconsideration, the finality of the Board's July 17, 2007, decision was abated by that filing. *Rosler v. Derwinski,* 1 Vet.App. 241, 249 (1991). Mr. Kouvaris will have 120 days from the issuance of any unfavorable decision of the Board Chairman on the motion for reconsideration to file an appeal in this Court, *id*.

## IV. CONCLUSION

Upon consideration of the foregoing, Mr. Kouvaris's appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.