# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 08-1381

KENNETH J. IRWIN, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided August 20, 2009)

*Jennifer A. Zajac*, of Oceanside, California, was on the pleading for the appellant.

*Paul J. Hutter*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Richard Mayerick,* Deputy Assistant General Counsel; and *Gabielle L. Clemons*, all of Washington, D.C., were on the pleading for the appellee.

Before GREENE, *Chief Judge*, and MOORMAN and SCHOELEN, *Judges.*

MOORMAN, *Judge*: On December 7, 2007, the Board of Veterans' Appeals (Board) issued a decision denying veteran Kenneth J. Irwin's claim for service connection for diabetes mellitus. On May 2, 2008, the Court received the appellant's Notice of Appeal (NOA). For the reasons discussed below, the Court holds that because the appellant has not demonstrated that he filed his NOA with the Court within the judicial-appeal period prescribed by statute, the Court will dismiss the appeal for lack of jurisdiction.

## I. FACTS

On May 2, 2008, more than 120 days after the Board's decision, the Court received a document signed by Mr. Irwin and presented on the Court's preprinted NOA form, along with several pages of correspondence. The preprinted NOA form, in bold lettering at the top of the form, identifies this Court and states: "Notice of Appeal." It further contains the following preprinted language: "The following named appellant appeals to the Court from a final Board of Veterans'

Appeals . . . decision." The document also identifies the date of the Board decision as December 7, 2007, and Mr. Irwin's name and address. The document was received from the Board. In the attached correspondence from Mr. Irwin dated December 14, 2007, which is addressed to the Board, he stated: "I wish to file a Notice of Appeal to the U.S. Court. I disagree with the decision the Board of Veterans' Appeals made [o]n my claim." Mr. Irwin had addressed the envelope containing these documents to the "Board of Veterans['] Appeals, Department of Veterans Affairs, Washington, DC, 20420." The envelope was postmarked "15 Dec 2007" by the U.S. Postal Service, and date stamps on both the envelope and the documents themselves indicate that the Board received these documents on January 7, 2008.

On June 2, 2008, in response to a Court order directing Mr. Irwin, who was pro se at the time, to explain why the Court should not dismiss his appeal because it was filed more than 120 days after the mailing of the Board decision, Mr. Irwin states that he "had never received [the Board] decision dated 7 Dec 07 until mid-May 2008. This is no fault of mine that 120 days had passed since decision." June 2, 2008, Response to Court Order. Later that month, the Court issued an order directing the Secretary to file a response and to include a preliminary record evidencing that the Board decision was properly mailed to Mr. Irwin. A July 11, 2008, response from the Secretary included a preliminary record and a declaration that a copy of the Board's December 7, 2007, decision was timely mailed to the appellant. On September 5, 2008, counsel for Mr. Irwin filed a notice of appearance.

On November 6, 2008, the Court issued an order (1) directing the Secretary to submit a memorandum explaining whether the above sequence of events was accurate and, if so, what effects, if any, those events had on the Court's jurisdiction in this appeal, and (2) directing that Mr. Irwin file a memorandum in response to the Secretary's memorandum not later than 20 days thereafter. On November 26, 2008, the Secretary filed his response. The Secretary states that the Board's computerized appeal tracking system showed that the above sequence of events was correct. According to the Secretary, Mr. Irwin's documents were "'initially construed as a motion [for reconsideration] pursuant to [Board] decision dated 12/7/07, but [were] actually a[n] NOA to the [Court].'" Staff at the Board therefore subsequently mailed the documents to the Court. The Secretary did not explain why it apparently took the Board four months to construe as an NOA the documents submitted to the Board that consisted of the Court's preprinted NOA form and

2

accompanying correspondence, and to forward those documents to the Court. The Secretary asserts that the Court lacks jurisdiction over this appeal because the Court had not received a timely NOA from Mr. Irwin.

On December 2, 2008, Mr. Irwin moved through counsel that this appeal be stayed until the Court issued a decision in either *Boone v. Shinseki*, 22 Vet.App. 412 (2009), or *Kouvaris v. Shinseki*, 22 Vet.App. 377 (2009). The Court granted the relief sought in the motion. The Court issued decisions in those appeals on March 10, 2009, and on February 25, 2009, respectively. The stay therefore expired upon the issuance of those decisions, and the preexisting schedule for the filing of Mr. Irwin's memorandum resumed at the point at which the appeal was stayed. *See* U.S. VET. APP. R. 5(b) (providing that "[w]hen a stay expires, the preexisting filing schedule resumes at the point at which it was stayed"). Mr. Irwin has not filed a response to the Secretary's November 26, 2008, memorandum. On March 26, 2009, the appeal was submitted to this panel for decision and the parties were so notified.

## II. ANALYSIS

### A. Equitable Tolling

Under 38 U.S.C. § 7266(a),[1] in order for a claimant to obtain review of a Board decision by this Court, the Court must receive the claimant's NOA within 120 days after the date on which the Board decision was mailed. *See Henderson v. Peake*, 22 Vet.App. 217, 221 (2008), *appeal docketed*, No. 2009-7006 (Fed. Cir. Oct. 7, 2008) (submitted en banc June 29, 2009); *Rosler v. Derwinski*, 1 Vet.App. 241, 242 (1991); U.S. VET. APP. R. 4. In *Henderson*, this Court held that the

---

[1] 38 U.S.C. § 7266 provides, in pertinent part:

> (a) In order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title.
> (b) An appellant shall file a notice of appeal under this section by delivering or mailing the notice to the Court.
> (c) A notice of appeal shall be deemed to be received by the Court as follows:
> > (1) On the date of receipt by the Court, if the notice is delivered.
> > (2) On the date of the United States Postal Service postmark stamped on the cover in which the notice is posted, if the notice is properly addressed to the Court and is mailed.

120-day filing requirement under 38 U.S.C. § 7266(a) is jurisdictional and not subject to equitable tolling. *See* 22 Vet.App. at 220-21 (holding that "for the civil cases rising from appeals to this Court, there are no equitable exceptions to the 120-day judicial-appeal period established by section 7266(a)") (citing *Bowles v. Russell*, 127 S. Ct. 2360, 2366 (2007)).

In *Bowles*, the U.S. Supreme Court held that Mr. Bowles's failure to timely file his NOA in accordance with the statute, 28 U.S.C. § 2107, deprived the appellate court of jurisdiction. 127 S. Ct. at 2366. In so holding, the Supreme Court reasoned: "Congress decides what cases the federal courts have jurisdiction to consider. Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them." *Id.* at 2365. The Supreme Court stated: "As we have long held, when an 'appeal has not been prosecuted in the manner directed, within the time limited by acts of Congress, it must be dismissed for want of jurisdiction.'" *Id.* at 2366 (quoting *United States v. Curry*, 6 How. 106, 113 (1848)). In addressing the appellant's argument that his untimely filing should be excused because he satisfied the "unique circumstances" doctrine, which had its roots in prior precedent, the Supreme Court made clear that such doctrine is "illegitimate" because the Court has "no authority to create equitable exceptions to jurisdictional requirements." *Id.* at 2366. The Supreme Court noted that if its holding is thought to be "inequitable," Congress had the power to authorize courts to excuse compliance with the statutory time limits.

In *Henderson*, this Court discussed the effect of *Bowles* on *Bailey v. West*, 160 F.3d 1360 (Fed. Cir. 1998), which held that equitable tolling is available for NOAs filed at this Court, and concluded that the premise upon which *Bailey* was decided could no longer stand. Applying *Bowles*, the Court in *Henderson* held that because of the jurisdictional nature of the time limit for filing an NOA, the Court could not consider Mr. Henderson's contention that his service-connected disability prevented him from timely filing his appeal of the Board decision. *Henderson*, 22 Vet.App. at 221; *see also Jones (Bobby) v. Peake*, 22 Vet.App. 247, 249 (2008) (holding that equitable tolling is foreclosed by *Bowles* and *Henderson*, both *supra*, and dismissing appeal for lack of jurisdiction).[2]

---

[2] The Court acknowledges the shift in caselaw based on *Bowles*, *supra*. Prior to *Bowles* and *Henderson*, this Court had issued *Bobbitt v. Principi*, 17 Vet.App. 547, 554 (2004) (per curiam order), which held that the misfiling of a Notice of Appeal with the Board within the 120-day judicial-appeal period would be considered a timely filed NOA based on the equitable tolling of the judicial appeal period of 38 U.S.C. § 7266. The Court in *Bobbitt* noted that binding caselaw required it to conclude that the Court had jurisdiction to review the appeal despite the misfiling of the NOA.

*Henderson* and *Bowles* dictate the outcome here. Congress, in this Court's jurisdictional statute, 38 U.S.C. § 7266, prescribed the time and manner for filing an appeal to this Court. Pursuant to the statute, to obtain review by this Court, a person adversely affected by such decision "shall file a notice of appeal *with the Court within 120 days* after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title." 38 U.S.C. § 7266(a) (emphasis added). As noted above, *Henderson* specifically held the 120-day appeal period to be jurisdictional. In the same statutory section, Congress set forth the requirement that the filing of the notice be made with the Court. 38 U.S.C. § 7266(a). The requirement that the filing be with the Court is again made clear in subsections (b) and (c) of the same statute. Pursuant to section 7266(b), an appellant "shall file a notice of appeal under this section by delivering or mailing the notice *to the Court*." 38 U.S.C. § 7266(b) (emphasis added). Section 7266(c) provides the two specific circumstances under which an NOA "shall be deemed to be received *by the Court*": (1) on the date of receipt by the Court, if the notice is delivered; and (2) on the date of the U.S. Postal Service postmark, if the notice is properly addressed to the Court and is mailed. There are no further exceptions set forth in the jurisdictional statute. Congress has not authorized this Court to excuse compliance with the statutory time limit of 120-days and the requirement that the notice be filed with the Court.

---

The Court, however, first discussed the relevant statutory provisions and clear direction in the appeals notice that accompanied the Board decision:

> Nowhere in the text of the statute [(38 U.S.C. § 7266)] has Congress authorized a veteran to file an NOA with a VA regional office (VARO), the Board, the VA medical system, or the VA Office of General Counsel in lieu of submitting it to the Court. . . . In accordance with section 5104(a), VA sends to claimants with each decision of the Board an appeals notice (VA Form 4597) that specifically directs claimants how to appeal to the Court. The appeals notice also instructs a VA claimant that an NOA "must be filed with the Court within 120 days from the date of mailing" of the Board decision, provides the Court's address, and states that while a claimant must mail a copy of the NOA to the VA General Counsel, that mailing "does not take the place of" the NOA that must be filed with the Court. The Federal Circuit has recognized the appeals notice as complying with the requirements of section 5104(a), holding that it adequately explains "how and when" to pursue an appeal to the Court. *Cummings v. West*, 136 F.3d 1468, 1472-73 (Fed. Cir. 1998), *cert. denied,* 524 U.S. 954 [(1998)].

*Id.* at 550. As discussed above, the Supreme Court decision in *Bowles* and our Court's decision in *Henderson* make clear that the statutory filing deadline in a judicial review statute is not subject to the doctrine of equitable tolling.

In this case, Mr. Irwin did not file, within 120 days of the mailing of the December 7, 2007, Board decision, an NOA with this Court as required by 38 U.S.C. § 7266. The Court received Mr. Irwin's NOA on May 2, 2008, directly from the Board through the mail. The NOA was filed on that date, a date that is not within the 120-day period provided in the statute. Because the Court did not receive an NOA from Mr. Irwin within the 120-day period prescribed by 38 U.S.C. § 7266(a), this Court lacks jurisdiction over this appeal.

B. Motion for Reconsideration

That is not the end of the matter. The Court must determine whether the Court's decisions in *Boone* or *Kouvaris*, both *supra*, apply here. In *Boone*, this Court held that a pending motion for Board reconsideration served to abate the finality of the Board decision, and the Court dismissed the appeal for lack of jurisdiction. 22 Vet.App. at 415. The Court held that Mr. Boone's submission to the VA regional office (RO) was not an NOA "because the document and the circumstances surrounding its filing evidenced no clear intent to seek judicial review." *Boone*, 22 Vet.App. at 414. The Court concluded that the filing, however, constituted a motion for Board reconsideration, which was still pending at VA. *Id.* In *Kouvaris*, 22 Vet.App. at 379-80, the Court held that, although the document filed with the Board within the 120-day judicial-appeal filing period was not an NOA because it lacked any indicia of intent to seek review by the Court, the document constituted a motion for reconsideration of the Board's decision, the motion for reconsideration was still pending at VA, and the finality of the Board's decision was abated by the filing.

Unlike *Boone* and *Kouvaris*, where the documents filed by each veteran failed to explicitly express an intent to seek judicial review, here the documents filed by Mr. Irwin clearly expressed an intent to seek judicial review by this Court. *See Boone*, 22 Vet.App. at 414 (holding that a "review of Mr. Boone's submission to the RO . . . and the circumstances surrounding its filing evidence no clear intent to seek judicial review," but concluding that the filing constituted a motion for reconsideration); *Kouvaris*, 22 Vet.App. at 380 (holding that the Form 21-4138 filed at the Board failed "to explicitly express an intent to seek judicial review" but that it met the regulatory requirements for a motion for reconsideration). There was no ambiguity in the documents that the Board received from Mr. Irwin on January 7, 2008, as to whether he sought judicial review. He clearly did, as he submitted both an NOA on the preprinted form and correspondence stating the he "wish[ed] to file a [NOA] to the U.S. Court." Neither of those documents expressed a request for

6

reconsideration by the Board. In addition, Mr. Irwin did not file a request for Board reconsideration with the Board within the 120-day period that would abate the finality of the 2007 Board decision. *See Linville v. West*, 165 F.3d 1382, 1386 (1999).

C. Timely Receipt of Board Decision

Mr. Irwin, in his June 2008 response, contends that he had not received a copy of the December 7, 2007, Board decision until mid-May 2008. However, the evidence does not support this contention, as documents sent to the Board in January 2008 by Mr. Irwin demonstrate that he had received the Board's decision not later than December 14, 2007, because that is the date that appears on the documents that Mr. Irwin signed. Further, Mr. Irwin specifically referred to the December 7, 2007, Board decision in the correspondence accompanying the NOA, and he dated that correspondence December 14, 2007.

Moreover, this Court has long held that "[t]here is a presumption of regularity under which it is presumed that government officials 'have properly discharged their official duties.'" *Ashley v. Derwinski*, 2 Vet.App. 307, 308 (1992) (quoting *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926)). Although this presumption is not absolute, the burden is on the appellant to present clear evidence that VA did not follow its regular mailing practices or that its practices were not regular. *Clarke v. Nicholson*, 21 Vet.App. 130, 133 (2007); *see also Jones v. West*, 12 Vet.App. 98, 102 (1998) (noting well-established caselaw that an assertion of nonreceipt, standing alone, does not rebut the presumption of regularity that VA properly mailed notice of its decision). In this case, Mr. Irwin has not presented any evidence, let alone clear evidence, to rebut the presumption of regularity that VA mailed him notice of the December 7, 2007, Board decision. To the contrary, the Secretary has submitted evidence showing that VA properly discharged its mailing duties here. The Secretary's July 11, 2008, response filed with the Court included the declaration from the director of the Management and Administrative Service of the Board, who reviewed the claims file and VACOLS (the Veterans Appeals Control and Locator System), the Board's computerized tracking system, and stated that a copy of the December 7, 2007, Board decision was mailed to Mr. Irwin on December 7, 2007, to an address that Mr. Irwin had indicated to be his mailing address. July 11, 2008, Response, Exhibit, Declaration at para. 3. The declarant noted that this address reflected the change of address for Mr. Irwin that it had received in October 2007. The declarant further stated that there was no indication in the claims file or in VACOLS that the Board decision was returned

7

by the U.S. Postal Service as undeliverable. *Id.* The Secretary maintains that the December 7, 2007, Board decision was mailed to Mr. Irwin at his last known address pursuant to the requirements of 38 U.S.C. § 7104(e). The Court concludes that the Secretary properly mailed the December 7, 2007 Board decision to Mr. Irwin.

D. Notice of Appellate Rights

Finally, the Court notes that Mr. Irwin was fully informed of his appellate rights, which included notification that his NOA must be filed with the Court. Accompanying the December 7, 2007, Board decision was a notice of appellate rights. *See* 38 U.S.C. § 5104(a) (providing that when VA makes a decision as to a claim for benefits, the Secretary "shall, on a timely basis, provide the claimant . . . notice of such decision . . . that shall include an explanation of the procedure for obtaining review of the decision"). The notice of appellate rights provided by VA clearly stated that in order to appeal the Board decision, Mr. Irwin had to file an appeal with the Court. The notice of appellate rights is contained on VA Form 4597 and is entitled, in boldface, "Your Rights to Appeal our Decision." June 13, 2008, Secretary's Response to May 20, 2008, Court Order, Attachment. The notice stated that if "you are not satisfied with the Board's decision," one option is to "Appeal to the United States Court of Appeals for Veterans Claims (Court)." The notice stated: "You have 120 days from the date this decision was mailed to you (as shown on the first page of this decision) to file a Notice of Appeal with the Court." *Id.* The notice also provided instructions on how to appeal to the Court. The notice instructed that to appeal to the Court, the Notice of Appeal must be sent to the Court:

> **How do I appeal to the United States Court of Appeals for Veterans Claims?**
> Send your Notice of Appeal to the Court at:
>
> **Clerk, U.S. Court of Appeals for Veterans Claims**
> **625 Indiana Avenue, NW, Suite 900**
> **Washington, DC 20004-2950**

*Id.* (boldface in original). The notice also stated: "To ensure full protection of your right of appeal to the Court, you must file your Notice of Appeal **with the Court**, not with the Board, or any other VA office." *Id.* (boldface in original). The U.S. Court of Appeals for the Federal Circuit has recognized the appeals notice as complying with the requirements of section 5104(a), holding that it adequately explains "how and when" to pursue an appeal to the Court. *Cummings v. West*,

8

136 F.3d 1468, 1474 (Fed. Cir. 1998) (holding that Board notice was sufficient under 38 U.S.C. § 5104(a) and that VA was not required to provide detailed descriptions or information; "[t]he statute requires only that the Secretary explain how and when to pursue reconsideration by the Board and appeal to the court."), *overruled in part on other grounds*, *Bailey*, 160 F.3d at 1368. Accordingly, the Court concludes that the notice of appellate rights clearly stated that Mr. Irwin must file his NOA with this Court and that filing an NOA with the Board was not sufficient to ensure his right to appeal to the Court.

Significantly, Mr. Irwin was again fully and clearly advised of the requirement to file his NOA with the Court on the one-page preprinted NOA form itself. May 2, 2008, Notice of Appeal. The preprinted NOA form used by Mr. Irwin contained instructions set out in a box:

### *INSTRUCTIONS*

***Send this Notice of Appeal (NOA) (original only) to:***

***Clerk, US Court of Appeals for Veterans Claims***
***625 Indiana Avenue, NW, Suite 900***
***Washington, DC 20004-2950***

*Id.* (underlining, boldface, and italics in original). The instructions further stated: "***It will be in time if it is properly addressed to the Court and bears a legible postmark affixed by the United States Postal Service (USPS) within 120 days after the mailing date of the [Board] decision that you are appealing.***" *Id.* (boldface and italics in original). The form further instructed that the NOA may be sent by facsimile transmission, provided the Court's facsimile number, and also stated that, if means other than USPS were used, "***the NOA will be too late if it arrives at the Court after the 120-day time limit. The Court cannot extend the time limit.***" *Id.* (underlining, boldface, and italics in original).

Because the notice of appellate rights provided Mr. Irwin with the proper procedure for seeking judicial review of the Board's decision and Mr. Irwin did not file an NOA with the Court within 120 days of the mailing of the Board's decision, this Court lacks jurisdiction to consider his appeal, and this appeal must be dismissed.

The Court notes that there is no indication that Agency action frustrated the notice of appellate rights that the appellant received. The appellant simply mailed the NOA to the wrong

9

entity in noncompliance with the jurisdictional statute and his notice of appellate rights. The Court notes that there was no communication between Mr. Irwin and the Board that indicated that VA would take any action on the documents received by the Board in January 2008. For example, there is no indication that VA informed Mr. Irwin that VA would file his appeal for him (or would do so within the 120-day appeal period) or that VA assisted him in filling out the preprinted NOA form and led him to believe that VA would file his appeal. Nor is there any indication that VA informed Mr. Irwin, upon receipt of his documents in January 2008, that VA would consider his filing to be a motion for Board reconsideration.

The Court recognizes that the record shows that the Board did not transmit Mr. Irwin's documents to this Court until May 2008, approximately four months after it had received the documents from Mr. Irwin in January 2008, which was a date within the 120-day judicial-appeal period. It is not clear why the Board would hold the documents for such a long period prior to mailing them to the Court. In the absence of evidence to the contrary, however, the Court will not presume a motive on the Secretary's part that is inconsistent with the pro-veteran, nonadversarial process that is applicable to proceedings within VA, including at the Board. Nevertheless, the Court is concerned that VA had the documents for four months and did nothing. Unfortunately, the statutory jurisdictional requirement of 120 days for filing Notices of Appeal with the Court is not subject to equitable principles. Without congressional authority, the Court lacks the jurisdiction to impose a remedy in this appeal.

### III. CONCLUSION

Upon consideration of the pleadings of the parties and the foregoing analysis, the Court holds that it lacks jurisdiction over the December 7, 2007, Board decision because the appellant did not timely file an NOA in this Court. This appeal is DISMISSED.