**Rigoberto Morales TORRES, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 89–126.**

United States Court of Veterans Appeals.

Submitted Jan. 29, 1990.

Decided March 9, 1990.

Rigoberto Morales Torres, pro se.

Jacqueline E. Monroe, with whom Raoul L. Carroll, Gen. Counsel, Andrew J. Mullen, Acting Asst. Gen. Counsel, and Pamela L. Wood, Deputy Asst. Gen. Counsel, Washington, D.C., were on the Motion to Dismiss, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

NEBEKER, Chief Judge:

The Secretary of Veterans Affairs (Secretary) moves to dismiss appellant's (Mr. Torres') appeal, asserting that the Court is without jurisdiction because the Notice of Appeal was not timely filed. We deny the Secretary's Motion to Dismiss and hold that Mr. Torres' efforts to note his appeal were adequate and timely under the circumstances.

The Board of Veterans' Appeals (BVA) mailed to Mr. Torres notice of its decision on July 18, 1989. By letter dated July 27, 1989, Mr. Torres wrote to his Regional Office in San Juan, Puerto Rico, wherein he stated, "I strongly disagree" with the BVA decision. On October 2, 1989, the Regional Office wrote a letter to Mr. Torres, which stated in part that "[t]here is as yet no mailing address for the Court [of Veterans Appeals], and rules of practice to govern procedural matters have not been issued."

By letter dated October 4, 1989, Mr. Torres wrote to the Regional Office stating, "I request a full reconsideration by the Judicial Court." Additionally, he requested that the Regional Office forward his notice to the Court, which the Regional Office did not do. The Regional Office mailed the Court's address to Mr. Torres on November 14, 1989, the date on which a legislative extension for filing the Notice of Appeal expired. *See* Court of Veterans Appeals Judges Retirement Act, Pub.L. No. 101–94, § 202, 1989 U.S.Code Cong. & Admin.News (103 Stat.) 617, 626. On October 16, 1989, the Court published notice that it had commenced operations. *See* 54 Fed.Reg. 42,-437 (1989).

On November 16, 1989, Mr. Torres mailed to the Court his notice requesting review of the BVA decision. The notice was received by the Clerk of the Court on November 20, 1989, five days after the 120–day time for filing pursuant to 38 U.S.C.A. § 4066(a) (West Supp.1989) (the statute), and six days after the extension for filing expired.

The question we decide is whether during the formative period of the Court, before it had physical facilities and rules of appellate procedure, a timely written expression of a desire for judicial review submitted to a claimant's regional office is adequate as a substitute notice of appeal. We hold that it is, and that Mr. Torres' efforts to note the appeal were adequate.

■ The statute requires that a person bringing an appeal to the Court "must file a notice of appeal with the Court. . . . with-

in 120 days after the date on which notice of the [BVA] decision is mailed." *Id.* The statute alone controls whether Mr. Torres' notice was timely filed. Congress designated the Federal Rules of Appellate Procedure as the interim rules of the Court to the extent to which they are consistent with the statute. *See* Pub.L. No. 101–94, § 203. However, Rule 3 governing the filing of notices of appeal is inconsistent, and therefore, inapplicable. *Compare* 38 U.S.C.A. § 4066(a) (notice of appeal must be filed with the Court within 120 days) *with* Fed.R.App.P. 3 and 4 (notice of appeal must be filed with the clerk of the district court within 60 days if the United States or an officer or agency thereof is a party). Furthermore, the Court's Interim General Rules did not become effective until December 18, 1989. *See* Order of the Court (November 21, 1989). Therefore, before December 18, 1989, the statute alone governed the filing of the Notice of Appeal.

The timely filing of a notice of appeal is "mandatory and jurisdictional." *United States v. Robinson,* 361 U.S. 220, 224, 229, 80 S.Ct. 282, 285, 288, 4 L.Ed.2d 259 (1960). The imperative language of the statute demonstrates that the requirement is jurisdictional in this case as well.

However, "literal compliance [with filing requirements is not required] in cases in which it cannot fairly be exacted." Fed. R.App.P. 3 advisory committee's note. In this case, the Court's address was not available when Mr. Torres expressed a desire for judicial review. Because the Court had no antecedent, there was not even a former address to which Mr. Torres could have sent his notice. Under these circumstances, which can only arise at the initial phase of a court's operation, literal compliance with the statute was impossible.

Our interpretation of the statute can be governed by *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), where the Supreme Court held that a *pro se* effort to note an appeal outside traditional court facilities was sufficient to begin the appeal process.

▮ In our opinion, under the circumstances of this case Mr. Torres' efforts are sufficiently comparable to the petitioner's efforts in *Houston.* Mr. Torres had 120 days after the date on which notice of the BVA decision was mailed to file a Notice of Appeal but was told by the DVA that there was no place to file it. Under these circumstances, he filed in the best manner he could by mailing his notice to the DVA— the entity whose address he knew, who he believed would forward it to the Court as he had requested, and who had a statutory duty to assist him in other matters. *See* 38 U.S.C. § 240 (1982); 38 U.S.C.A. § 3007(a) (West Supp.1989).

We, therefore, hold that where the address of the Court was not available, a written expression of dissatisfaction with the BVA's decision and a desire for judicial review delivered to the DVA for forwarding to the Court is efficacious if delivered to the DVA within the time prescribed for filing a Notice of Appeal. The Notice of Appeal is deemed timely filed.

We announce, however, that since December 18, 1989, "[t]o be timely filed, the Notice of Appeal must be *received* by the Clerk" of the Court within 120 days after the date on which notice of the BVA's decision was mailed. COVA R. 4 (emphasis added). Since December 18, 1989, both the Court's rules and address have been available to all persons who may wish to bring an appeal to this Court.