Jimmie L. LIVINGSTON, Sr., Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–96.

United States Court of Veterans Appeals.

Submitted Aug. 13, 1990.

Decided Sept. 24, 1990.

Rick Surratt (non-attorney practitioner), on the brief for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Jacqueline E. Monroe, Washington, D.C., on the brief, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

NEBEKER, Chief Judge:

Appellant's headache disorder was determined to be non-service connected by the

Board of Veterans' Appeals in 1987. He subsequently sought to reopen the claim for the headache disorder along with claims for other disabilities. The Board of Veterans' Appeals ultimately modified its disability rating but declined to reopen the claim for headache disorder and appellant appealed to this Court. We affirm the Board's refusal to reopen the claim for headache benefits. As to the other issues raised on appeal, we affirm the decision of the Board without discussion. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990).

The Board in its decision, noted that service connection for appellant's headache disorder had been denied by a Board of Veterans' Appeals decision mailed on March 25, 1987, and stated that appellant's "[reopened] claim was denied by the originating agency on the basis that new and material evidence had not been presented." *Jimmie L. Livingston*, loc. no. 930493, at 2 (BVA Oct. 17, 1989).

The Board then explained that:

The new evidence submitted in association with the veteran's reopened claim consists only of his contentions that chronic headache pathology had its inception during service and records of recent treatment for the veteran's headaches. We would note that the veteran's testimony as to the onset of his headaches was considered by the prior Board at the time of that decision; however, the evidence did not show the presence of any chronic disorder productive of headaches during service. Thus, there was no basis at the time of the decision for award of service connection. The recent testimony by the veteran, as well as the more recent medical evidence which shows the current status of the veteran's headaches, does not serve to establish the onset of a chronic disorder productive of headaches during the veteran's period of service, which ended in 1973.

*Id.* at 7–8. The Board concluded that the "[e]vidence submitted since the last Board decision does not provide a new factual basis for a finding that a chronic disability productive of headaches was present during service." *Id.* at 8.

Appellant now contends that the Board "clearly erred by not considering [his] headaches in service as a chronic disability." Appellant has failed to recognize that this was not the issue the Board of Veterans' Appeals considered. The only issue here relating to appellant's headache disorder is whether there was new and material evidence sufficient to reopen the claim that the Board denied in March, 1987.

Appellant's contention also manifests a failure to recognize that the Court does not have jurisdiction to review the Board's factual evaluation of his headache related claims. Although the Court has exclusive jurisdiction to review decisions of the Board of Veterans' Appeals, Congress limited its jurisdiction to cases in which the claimant filed a Notice of Disagreement with the regional office on or after November 18, 1988. *Skinner v. Derwinski*, 1 Vet.App. 2 (1990); Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988). Congress also limited the Court's jurisdiction to cases in which the claimant filed a Notice of Appeal with the Court within 120 days after the date on which notice of the Board of Veterans' Appeals' decision, otherwise reviewable, was mailed. *Torres v. Derwinski*, 1 Vet.App. 15 (1990); 38 U.S.C. 4066(a) (1988). Appellant's appeal of the Board's 1987 factual evaluation of his headaches is, thus, beyond the jurisdiction of this Court.

Appellant cannot circumvent the limits Congress placed on the Court's jurisdiction by indirectly bringing substantive, factual, or legal issues previously resolved by the Board of Veterans' Appeals under the cover of an appeal necessarily limited to determining the nature of evidence submitted to reopen a claim. We hold that the Board did not err in concluding that no new and material evidence was presented. Therefore, we affirm the Board's refusal to reopen the claim for headache related benefits.