**Robert J. FIREK, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–426.**

United States Court of Veterans Appeals.

Submitted April 21, 1992.

Decided Aug. 20, 1992.

Robert J. Firek, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Arthur L. Kraut were on the brief, for appellee.

Before MANKIN, HOLDAWAY, and IVERS, Associate Judges.

MANKIN, Associate Judge:

Appellant, Robert J. Firek, appeals from a January 31, 1991, Board of Veterans' Appeals (BVA or Board) decision which denied entitlement to an effective date earlier than July 18, 1988, for a total disability rating based upon individual unemployabili-ty. The Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance. The Court has jurisdiction pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)). The Court grants the Secretary's motion and affirms the Board's decision.

## I. BACKGROUND.

Robert J. Firek served on active duty in the United States Marine Corps from August 20, 1970, to August 19, 1972. R. at 1. From summaries of doctors who read the service records, it appears to be well documented that in March 1971, the veteran was in a rapelling exercise in service during which he fell approximately 30 feet and injured his back. R. at 2, 16–19. Service medical records reveal back problems, and later he was released from active duty due to these back problems. R. at 23, 25–36. Service connection was apparently denied because of an in-service diagnosis of spina bifida occulta, a congenital condition, which is noncompensable under applicable law. Numerous physicians have concluded that spina bifida occulta is not a diagnosis, but an incidental finding and could not be the source of the veteran's pain and limitations. He had a herniated lumbar disc incurred in service, which was consequently operated on in January 26, 1983. R. at 57–68, 70–72, 75–77. The veteran underwent additional surgery on April 8, 1986, R. at 68–69, and on December 15, 1986. R. at 73–74.

The BVA denied appellant's claim for a service-connected back injury in October 1982, April 1984, and June 1985. R. at 99. On July 23, 1986, the Department of the Navy corrected the veteran's military records to show that the diagnosis of spina bifida occulta was not supported by the service medical records and subsequent X rays and thus was an error. The Department of the Navy made a finding that low back pain of a recurrent or chronic nature did exist during the service period following the incident of falling during a rapelling exercise and subsequently by strain due to lifting or carrying a heavy object. R. at 83–85. The BVA again on April 20,

1988, denied service connection for appellant's back disability, finding no new factual basis since the prior BVA denials. R. at 102–117.

The veteran underwent another laminectomy on August 10, 1988. R. at 120–23. Apparently after several requests by the veteran to submit himself to an examination by an independent medical examiner, this examination was finally conducted on February 7, 1989, by Dr. Dennis P. McGowan, an orthopedic surgeon at Harvard University. Dr. McGowan found that even if the veteran had spina bifida occulta, it would not cause low back pain; the veteran was perfectly healthy before service; the Marine Corps was lucky that appellant did not die from the fall of 30 feet in service; and concluded: "It is more probable than not that [the veteran] has some disability related to the in service trauma." R. at 125–28. On April 14, 1989, the BVA reconsidered the April 1988 BVA decision pursuant to a request by Senator John McCain on July 18, 1988. R. at 130–43. The Board found no obvious error in the factual determinations in the final April 1988 decision. While all members of the panel agreed that there was no obvious error in the April 1988 decision warranting a reversal, three members found that the evidence revealed a valid basis for a difference of opinion as to whether the veteran's current back disability resulted from an injury in service. The members found the independent orthopedic surgeon's opinion persuasive on this point. Service connection for the residuals of a herniated intervertebral disc was administratively allowed on the basis of difference of opinion. R. at 142–43.

The rating decision of August 30, 1989, awarded the veteran a 60% disability rating from July 18, 1988, the effective date under 38 CFR § 3.400(h)(2) (1991); a 100% convalescent rating from August 8, 1988, the date of surgery; and a 60% disability rating from November 1, 1988, for the residuals of a herniated intervertebral disc, lumbosacral spine, postoperative (previously rated as spina bifida occulta with low back strain); however, it denied appellant's claim of individual unemployability. R. at 151–52. The veteran appealed that rating

decision to the BVA, asserting entitlement to a total rating based upon individual unemployability due to service-connected disabilities. On July 5, 1990, the BVA found that the veteran's service-connected disability rendered him unemployable. R. at 156. A July 30, 1990, rating decision granted entitlement to a total rating effective July 18, 1988. R. at 159. The veteran's Notice of Disagreement was filed on August 21, 1990, alleging an effective date of at least October 30, 1984, the date of a letter by the discharge examiner, Dr. Robert Reck, who stated that there was a misdiagnosis of spina bifida occulta at discharge. R. at 161. On January 31, 1991, the BVA denied entitlement to an effective date earlier than July 18, 1988, for a total rating based on individual unemployability due to service-connected disability. *Robert J. Firek*, BVA 91–03223 (Jan. 31, 1991). From that decision, appellant filed a timely Notice of Appeal to this Court.

## II. ANALYSIS

■ Although appellant has presented arguments for entitlement to an effective date earlier than July 18, 1988, for a total rating based on individual unemployability due to service-connected disability, the remedy which appellant seeks is not within the Court's jurisdiction to award. Even though the Court has exclusive jurisdiction to review decisions of the BVA, Congress limited our jurisdiction to cases in which the claimant filed a Notice of Appeal with the Court within 120 days after the date on which the notice of the BVA's decision was mailed. 38 U.S.C. § 7105 (formerly § 4005); 38 C.F.R. § 3.104(a) (1991) and 57 Fed.Reg. 4112–13, 4126 (1991) (to be codified at 38 C.F.R. §§ 20.302, 20.1104). The April 14, 1989, BVA reconsideration decision, which established the July 18, 1988, effective date, was not timely appealed to this Court and collateral attacks on that decision cannot be considered by the Court in the instant appeal. *Livingston v. Derwinski*, 1 Vet.App. 34, 35 (1990).

The April 1989 BVA decision found no "obvious error of fact or law" and thus confirmed the denial of service connection

in the April 1988 BVA decision being reconsidered. Although all members of the expanded panel of the Board found no obvious error of fact or law, some of the panel members found a basis for difference of opinion as to whether the veteran's current back disability resulted from an injury in service. R. at 142. Thus, a recommendation was made to the Chairman of the Board that service connection for the residuals of a herniated intervertebral disc be administratively allowed on the basis of difference of opinion. R. at 143. Apparently, this administrative discretion was approved and the benefits were allowed effective July 18, 1992, the date the application for reconsideration was accepted after the final BVA adjudication of April 1988.

■ The effective date of an award resulting from a favorable decision based on difference of opinion with the final decision of the agency of original jurisdiction is the date of receipt of an application to reconsider the determination or to reopen the claim, or the date entitlement arose, *whichever is later.* 38 U.S.C. § 5110 (formerly § 3010); 38 C.F.R. § 3.400(h)(2) (emphasis added). The BVA assigned July 18, 1988, as the effective date because that was the date the application for reconsideration of the prior final April 1988 BVA decision was received by the VA. This BVA decision was not appealed to this Court.

■ It was not until after the July 30, 1990 rating decision, which implemented the July 5, 1990, BVA decision to award a total disability rating based upon unemployability, that appellant contended that he was entitled to an effective date of October 30, 1984, date of the report submitted by Dr. Reck. The Board, in its January 1991 decision, which is the subject of this appeal, denied an earlier effective date. The Board could not award a total disability rating at an earlier effective date than the effective date of the award of service connection. Even if October 30, 1984, was the date that appellant's entitlement arose, he could not be awarded service connection effective as of that date because the April 1989 BVA decision was never appealed and became a final decision.

Under 38 C.F.R. § 3.400(h)(2) and the facts of this case, the effective date must be July 18, 1988, which was the date the request for reconsideration was received by the VA.

### III. CONCLUSION

After considering appellant's brief, the Secretary's motion for summary affirmance, appellant's motion in opposition, and reviewing the record, the Court finds that appellant cannot demonstrate that the BVA committed clear error in its findings of fact, conclusions of law, procedural processes, application of the benefit-of-the-doubt doctrine, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 7261, 5107(b), 7104(d)(1) (formerly §§ 4052, 4061, 3007(b), 4004(d)(1)) and the analysis in *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). Consequently, the Secretary's motion is granted, and the BVA decision must be affirmed.