Oliver L. JAQUAY, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 95–510.

United States Court of Veterans Appeals.

March 12, 1996.

Before NEBEKER, Chief Judge, and MANKIN and STEINBERG, Judges.

### ORDER

PER CURIAM.

On May 23, 1995, the pro se appellant filed a Notice of Appeal (NOA) from a September 20, 1993, Board of Veterans' Appeals (Board or BVA) decision. The Secretary, in an August 1, 1995, motion to dismiss, argues that although the appellant had submitted to a Department of Veterans Affairs (VA) regional office (RO) a December 17, 1993, document requesting reconsideration of his appeal this document was not effective as a motion for BVA reconsideration until it was received by the BVA almost one year later, on November 17, 1994. Motion (Mot.) at 3. Attached as an exhibit to the August 1995 motion is a copy of the December 17, 1993, document referred to by the Secretary, which has a heading directing it to the "Chairman of the Board of Veterans Appeals". In his August 1995 pleading, the Secretary cites 38 C.F.R. § 20.1001(b) (1995), which states that a motion for BVA reconsideration "must be filed at the following address: Director, Administrative Service (014), Board of Veterans' Appeals, 810 Vermont Avenue, NW., Washington, DC 20420." Mot. at 7–8. The BVA Chairman denied the motion for reconsideration in a letter dated January 27, 1995.

On January 17, 1996, the Court ordered the appellant to file with the Court a response to the Secretary's assertion that the December 17, 1993, document was mailed to the VARO rather than to the BVA and that the BVA did not receive it until November 17, 1994. In a January 19, 1996, response, the appellant argues that VA failed in its

duty to assist him because the RO neither forwarded the December 17, 1993, document to the BVA in a timely manner nor returned it to him as misaddressed.

Upon consideration of the foregoing, the Court finds that it needs further information in regard to the instant case, and it is

ORDERED that the Secretary, within 30 days after the date of this order, file with the Court, and serve on the appellant, a supplemental memorandum describing or addressing the following:

(a) VA policy and practice with respect to an RO's referring to the BVA or returning to a claimant a motion for BVA reconsideration filed with the RO.

(b) Whether in the instant case the RO's failure promptly to refer to the BVA the appellant's motion for BVA reconsideration or return it to the appellant constituted a deviation from any such practice or policy or a waiver by the Secretary of the requirements of 38 C.F.R. § 20.2001(b).

(c) The statutory authority for the 38 C.F.R. § 20.1001(b) requirement that a motion for BVA reconsideration must be mailed to the BVA at a specific address.

(d) Whether, because both the BVA and the RO are agents of the Secretary, receipt by the RO constituted receipt by the BVA. *Cf. Donovan v. Local 514, United Bhd. of Carpenters,* 609 F.Supp. 413, 416 (M.D.Pa.1984) (filing after mandatory, jurisdictional filing period had expired was timely where plaintiff attempted delivery to "an employee of the Secretary" of Labor who was "not the proper official to receive the complaint" and "who gave [the plaintiff] erroneous information as to where the complaint should be sent");

*Torres v. Derwinski,* 1 Vet.App. 15, 17 (1990) (where literal compliance with requirement to file NOA with Court within 120 days was impossible because Court did not yet have mailing address, appellant's filing with VA and request to forward it to Court was sufficient and NOA was timely).

(e) Whether the Court, for purposes of determining whether a motion for reconsideration tolled the running of the 120-day judicial appeal period under *Rosler v. Derwinski,* 1 Vet.App. 241, 249 (1991), can consider a motion for reconsideration to have been filed with the BVA where the motion was received by the RO within the 120-day NOA-filing period, regardless of whether VA or the BVA regards the motion as having been so filed. *Cf. Smith (George) v. Brown,* 8 Vet.App. 546, 551–52 (1996) (en banc) ("appellant cannot be deprived of his or her right to appeal to this Court as a result of the Chairman's action to reconsider a prior decision"). It is further

ORDERED that the appellant may file a reply to the Secretary's memorandum within 30 days after service of the Secretary's response to this order.

Interested amici curiae are invited to respond within 30 days after the date of the Secretary's response to this order.