# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 09-2493

WILLIAM C. RICKETT, APPELLANT,

v.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KASOLD, HAGEL, and DAVIS, *Judges.*

## O R D E R

This matter is before the Court as a result of the Secretary's motion to dismiss William C. Rickett's appeal due to the untimely filing of a Notice of Appeal. For the reasons that follow, the Court will grant the Secretary's motion and dismiss the appeal for lack of jurisdiction.

## I. FACTS

On April 14, 2009, more than 120 days after the November 5, 2008, Board of Veterans' Appeals' (Board) adverse decision, Mr. Rickett filed a Notice of Appeal with the Court. On July 28, 2009, the Secretary filed a motion seeking the dismissal of Mr. Rickett's appeal as untimely.[1]

As justification for his untimely filing, Mr. Rickett explained that he had initially sent a Notice of Appeal to "the wrong department." Notice of Appeal at 1. He attached a copy of a document hand dated January 7, 2009, and addressed to the VA Office of General Counsel, 810 Vermont Ave, NW, Washington, D.C., 20420. That document stated, in pertinent part:

Refer to (014A4)
William C. Rickett
[Social Security Number]
This is to inform you that I wish to appeal this to the Courts.
Thank you
[signed] William C. Rickett.

---

[1]On the same date, the Secretary filed a motion seeking a stay of proceedings in this matter pending the Court's resolution of the motion to dismiss. The Clerk of the Court granted the motion to stay proceedings.

Notice of Appeal at 2. That January 2009 letter–mailed to the Office of General Counsel within 120 days of the Board decision–is the letter Mr. Rickett urges this Court to construe as his Notice of Appeal with respect to the November 2008 Board decision.

The Court subsequently referred this case to a panel of the Court for oral argument and resolution.

On December 22, 2009, in response to a Court order, the Secretary informed the Court that VA had received Mr. Rickett's correspondence on January 26, 2009, at the offices of its Professional Staff Group 2 of the Office of the General Counsel. Secretary's Response at 2. The Secretary averred that the correspondence was forwarded to the Waco, Texas, VA regional office where it was received on February 19, 2009, but no further action was taken. *Id.*

The Secretary argued that the agency's receipt of Mr. Rickett's correspondence within the 120-day timeframe set forth for appeals to the Court in 38 U.S.C. § 7266 does not vest the Court with jurisdiction to hear Mr. Rickett's appeal. The Secretary argued that this Court's decision in *Henderson v. Peake* foreclosed any possibility that the time to file a Notice of Appeal with this Court could be equitably tolled. Secretary's Response at 3 (citing 22 Vet. App. 217, 220 (2008), *aff'd sub nom. Henderson v. Shinseki*, 589 F.3d 1201 (Fed. Cir. 2009)). Moreover, the Secretary contended, this Court's decision in *Irwin v. Shinseki* addressed the very question at issue here–a timely but misfiled Notice of Appeal–and held that such a filing had not been timely made "with the Court" as required by section 7266(a). Secretary's Response at 3 (citing 23 Vet.App 128, 131-32 (2009)).

In response, Mr. Rickett, now represented by counsel, argued that, because *VA* received his Notice of Appeal within the 120 days after the date on which the Board decision was mailed, it was timely for the purposes of vesting the *Court* with jurisdiction under section 7266(a).

On January 12, 2009, the Court heard oral argument in this matter. The parties' arguments remained wholly unchanged from their filings with the Court.

## II. ANALYSIS

This matter is firmly controlled by *Irwin* and *Henderson*. Indeed, the facts of *Irwin* are nearly indistinguishable from this case. There, the appellant filed his Notice of Appeal with the Board, rather than the Court, within 120 days of the date on which the Board mailed its adverse decision. The Board later forwarded the Notice of Appeal to the Court, but the Court received it well after the 120-day period had expired. The Court determined that, based on *Henderson* and the United States Supreme Court's decision in *Bowles v. Russell*, 127 S.Ct. 2360 (2007) (holding that equitable tolling of the time to file a Notice of Appeal is not permitted), a timely but misfiled Notice of Appeal could not confer jurisdiction on the Court. *Irwin*, 23 Vet.App. at 131. Moreover, the *Irwin* Court emphasized that Mr. Irwin's Notice of Appeal had not been filed "with the Court" as required by section 7266(a), and that it did not meet one of the two circumstances under which a Notice of Appeal could be "deemed received" by the Court (i.e., on the date of receipt by the Court, if the

notice is delivered; or on the date of the U.S. Postal Service postmark, if the notice is properly addressed to the Court and is mailed). *Id.* (citing 38 U.S.C. § 7266(c)). There is no dispute that (1) the Court did not actually receive Mr. Rickett's Notice of Appeal until April 14, 2009–more than 120 days after the date of the Board decision–and (2) Mr. Rickett initially did not properly address his Notice of Appeal to the Court. Therefore, his Notice of Appeal may not be "deemed received" by the Court under section 7266(c).

To the extent that our dissenting colleague and Mr. Rickett attempt to circumvent *Irwin* by arguing that a Notice of Appeal should be "deemed filed" with the Court as of the date it is received by VA, we find no practical distinction between a document filed and a document "deemed filed." For a document to be filed with the Court, it must first be received by the Court. It follows, then, that for a document to be "deemed filed," it must first be "deemed received," and Congress has dictated the circumstances under which a document may be deemed received: either on the date of receipt of the document by the Court, or on the date of the U.S. postmark if the document was properly addressed to the Court and mailed. *See* 38 U.S.C. § 7266(c). As noted above, Mr. Rickett's January 2009 submission, addressed to VA, does not meet that requirement. *See id.*

Further, the common law mailbox rule to which our dissenting colleague refers applies only in circumstances in which the appellant can demonstrate that he deposited a properly addressed mailing with the U.S. Postal Service. *See Rios v. Nicholson*, 490 F.3d 928, 930-31 (Fed. Cir. 2007) ("Under the common law mailbox rule, 'if a letter *properly directed* is proved to have been either put into the post office or delivered to the postman, it is presumed, from the known course of business in the post office department, that it reached its destination at the regular time, and was received by the person to whom it was addressed.'" (quoting *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884) (emphasis added)).

In other words, in all cases in which the Court has not physically received a Notice of Appeal within 120 days of a final Board decision, an exception is made to deem a document received by the Court within that time frame *only* where the appellant demonstrates that the document was addressed to the Court. Again, in this case, there is no dispute that Mr. Rickett's properly addressed Notice of Appeal was not received by the Court within the 120-day timeframe allowed by statute. *See* 38 U.S.C. § 7266(a).

Importantly, a review of the legislative history of 38 U.S.C. § 7266 reveals that Congress expressly considered the possibility that veterans might address their notices of appeal to VA rather than the Court and amended section 7266 to require that notice of appeal be addressed to the Court. In 1993, 38 U.S.C. § 7266(a) read:

> (a) In order to obtain review by the Court of Veterans Appeals of a final decision of the Board of Veterans' Appeals, a person adversely affected by that action must file a notice of appeal with the Court. Any such notice must be filed within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title.

38 U.S.C. § 7266 (1993).  In October 1993, proposed amendments to that section, among others, were introduced and, in March 1994, those amendments were reported to the Senate by the Committee on Veterans' Affairs (Committee).  Proposed section 7266 added a provision permitting the Court to deem a Notice of Appeal received in only two circumstances:

> [(a)](3) A notice of appeal shall be deemed to be received by the Court as follows:
>
> > (A) On the date of receipt by the Court, if the notice is delivered.
>
> > (B) On the date of the United States Post Service postmark stamped  on the cover in which the notice is posted, if the notice is mailed.

S. Rep. No. 103-232, at 1-2 (1993).  Also in October 1993, the Committee Chairman sought the Court's views of the proposed amendments from former Chief Judge of the Court, Frank Nebeker.  In response to the proposed amendments to section 7266(a), Chief Judge Nebeker wrote:

> [P]roposed section [7266(a)] does not provide that the envelope containing the notice of appeal must be properly addressed to the Court.  For example, many veterans have sent the notice of appeal to the Department of Veterans Affairs, State veterans departments, or veterans service organizations.  This is despite the Secretary's notice of appeal rights, which gives the Court's address.  Envelopes that are not properly addressed may arrive at the Court months, or even years[,] after mailing.  This factor would call into question the finality of Board of Veterans' Appeals decisions for an indefinite period.  Finality would certainly be doubtful after the 120-day appeal period to the Court had passed, contrary to what is now the case.  Under proposed section [7266(a)], the period during which a Board decision could be stripped of its apparent finality by appeal to the Court would become open[-]ended.  The potential impact of this amendment could be substantial.

*Id.* at 9-10.  In response, in November 1994, Congress ultimately enacted the version of section 7266(a)(3) that is in effect today (as section 7266(c)), which provided:

(3) A notice of appeal shall be deemed to be received by the Court as follows:

> (A) On the date of receipt by the Court, if the notice is delivered.

> (B) On the date of the United States Postal Service postmark stamped on the cover in which the notice is posted, *if the notice is properly addressed to the Court* and is mailed.

38 U.S.C. § 7266(a)(3) (1994) (emphasis added). It is clear, then, that Congress intended that the Court entertain only those appeals received (or properly addressed and deemed received) *by the Court* within 120 days of a final Board decision.

Our dissenting colleague also contends that the Court has a long history of interpreting the 120-day period prescribed by Congress to allow, in essence, additional time to file a Notice of Appeal. We disagree. In cases where the Court has allowed "additional" time–for example, in cases where the 120th day fell on a date the Court was closed, or where an incarcerated prisoner deposited his Notice of Appeal with prison authorities prior to the expiration of the time period but the Notice of Appeal was not received by the Court until after the expiration of the time period–technical compliance with section 7266(a) was not merely "difficult," as our colleague asserts, but impossible. If the Court is closed, a document simply cannot be filed. *Cf. Torres v. Derwinski*, 1 Vet.App. 15, 17 (1990) (holding, in a case in which the appellant mailed his Notice of Appeal to VA at a time when the Court had no "physical facilities," that "'literal compliance [with filing requirements is not required] in cases in which it cannot fairly be exacted.'" (quoting FED. R. APP. P. 3, advisory comm. note)).[2] Once a prisoner deposits mail with prison authorities, he has no control over when the mail is actually dispatched. *Houston v. Lack*, 487 U.S. 266, 276 (1988).[3]

Moreover, although our colleague is correct that *Rosler v. Derwinski* determined that a motion for reconsideration of a final Board decision filed within 120 days of that decision abates the finality of the Board decision, he is incorrect that *Rosler* is an extra-statutory, judicial *extension* of the 120 day period to file a Notice of Appeal from that Board decision. 1 Vet.App. 241, 249 (1991). In fact, *Rosler* clearly states that a motion for reconsideration of a final Board decision filed within 120 days of that Board decision renders the Board decision not final. *Id.* Because finality does not attach until the Board Chairman renders a decision denying the motion for reconsideration, the 120-day period to file a Notice of Appeal with the Court *does not begin* until that time. *Id. Rosler* thus leaves intact Congress's requirement that a Notice of Appeal be filed within 120 days of a *final* Board decision. 38 U.S.C. § 7266(a).

---

[2] In *Torres*, the Court stated:

> In this case, the Court's address was not available when Mr. Torres expressed a desire for judicial review. Because the Court had no antecedent, there was not even a former address to which Mr. Torres could have sent his notice. Under these circumstances, which can only arise at the initial phase of a court's operation, literal compliance with the statute was impossible.

1 Vet.App. at 17.

[3] To the extent that Mr. Rickett relies on *Houston* for the proposition that the *timing* of the filing of the Notice of Appeal is paramount to the *location* where the Notice of Appeal is filed, we note that the statute at issue in that case, 28 U.S.C. § 2107, does not specify *where* the notice of appeal is to be filed. *See* 28 U.S.C. § 2107(a) ("[N]o appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree."). By contrast, section 7266(a) expressly states that the Notice of Appeal must be filed "with the Court." 38 U.S.C. § 7266(a); *Irwin*, 23 Vet.App. at 131.

Where appellants have been afforded a certain amount of time to file a document by Congress and technical compliance is impossible, the Court will not infringe upon the right provided by Congress by requiring that the document be filed on, for example, the 119th day. Here, however, Mr. Rickett does not argue that technical compliance was impossible. He admits that, along with the asserted confusion caused by the notice of appellate rights, it was his haste that caused him to misread the instructions for filing his Notice of Appeal with the Court. The Court's address is given in bold type on the first page of the notice of appellate rights, along with the statement that the appeal must be filed within 120 days of the date stamped on the front of the Board decision. Further, the notice of appellate rights informs would-be appellants that "[t]o ensure full protection of your right of appeal to the Court, you must file your Notice of Appeal **with the Court**, not with the Board, or any other VA office." Notice of Appellant Rights at 1 (emphasis in original). While it is conceivable that VA could provide its notice of appellate rights in a more concise fashion, we do not believe that the current notice of appellate rights is confusing. Although our dissenting colleague notes that 13 appeals have been dismissed since the *Irwin* decision was issued because the Notices of Appeal were filed with VA rather than with the Court, we note that hundreds more Notices of Appeal have been properly filed with the Court since *Irwin*.

Because, as the Court in *Irwin* succinctly stated, "Congress has not authorized this Court to excuse compliance with the statutory time limit of 120-days and the requirement that the notice be filed with the Court" (23 Vet.App. at 131), and because there can be no dispute that Mr. Rickett's appeal was not filed "with the Court" within 120 days after the Board mailed its decision (38 U.S.C. § 7266(a)), the Court lacks jurisdiction over this appeal. Accordingly, the Court will grant the Secretary's motion and dismiss the appeal.

### III. CONCLUSION

Upon consideration of the foregoing, it is ORDERED that the stay of proceedings is lifted. It is further ORDERED that this appeal is DISMISSED for lack of jurisdiction.

DATED: March 19, 2010                                                                    PER CURIAM.

KASOLD, Judge, dissenting: Without question, equitable tolling of our jurisdictional statute is not permitted when a would-be appellant files a Notice of Appeal (NOA) late. *See Bowles v. Russell*, 551 U.S. 205 (2007); *Henderson v. Peake*, 22 Vet.App. 217 (2008), *aff'd sub nom. Henderson v. Shinseki*, 589 F.3d 1201(Fed. Cir. 2009). There are valid reasons for Congress to limit our authority to hear appeals when appellants fail to timely file an NOA. Finality is not an unimportant consideration. *Bingham v. Nicholson*, 421 F.3d 1346, 1349 (Fed. Cir. 2005) ("'The purpose of the rule of finality is to preclude repetitive and belated readjudication of veterans' benefit claims.'" (quoting *Cook v. Principi*, 318 F.3d 1334, 1339 (Fed. Cir. 2002) (en banc))).

Recently, the Court also held that equitable tolling was not permissible for a misfiling, even when filed within the 120-day filing period. *Irwin v. Shinseki*, 23 Vet.App. 128, 131 (2009).

6

Recognizing that equitable tolling is no longer available for a misfiled NOA, Mr. Rickett presents two arguments in support of jurisdiction over a timely, yet misfiled NOA, i.e: (1) the notice of appellate rights is inadequate; and (2) the Court should exercise its authority to deem the NOA filed with the Court on the date it was misfiled with the Secretary.

1. Notice of Appellate Rights. I agree with the majority that the appellant fails to demonstrate that the notice of appellate rights provided in this case was so confusing to the appellant that it failed to serve its purpose. Certainly, the appellant established that the notice of appellate rights is confusing, but in his own words he admitted that he erred in mailing his NOA to the correct address, in part, due to his "haste," and, ultimately, he was able on review to discern the requirement to file his NOA with the Court (albeit, only after calling the Court and being so informed). *Bethea v. Derwinski*, 2 Vet.App. 252, 255 (1992) (holding that appellant bears burden of establishing jurisdiction by a preponderance of the evidence); *see also Irwin*, *supra* at 134 (stating that the notice of appellate rights was adequate with regard to how and when to file an NOA).

I note, however, that it may yet be demonstrated that the panoply of information provided in the current notice of appellate rights provided by the Secretary is simply too much information to fulfill either the Secretary's statutory requirement to provide notice how to appeal a Board decision to the Court, 38 U.S.C. § 5104(a); *Thompson v. Brown*, 8 Vet.App. 169, 177 (1995), or traditional due process and fair process requirements regarding notice and an opportunity to be heard. *Cf. Cushman v. Shinseki*, 576 F.3d 1290, 1298 (Fed. Cir. 2009) (holding that entitlement to benefits is a property interest protected by the Due Process Clause of the Fifth Amendment to the United States Constitution), *Thurber v. Brown*, 5 Vet.App. 119, 123 (1993) (recognizing that the Secretary must provide reasonable notice and opportunity to respond as a matter of fair process).[1] *See also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). To this end, judicial notice should be taken that just since *Irwin* was issued in August 2009, at least 13 appeals have been dismissed because veterans timely filed their NOA, but did so with the Secretary.

It may be that notice how to appeal a Board decision to the Court will have to be provided in larger print than the current small print used by the Secretary and provided on a stand-alone document, with the other review rights and information provided to a potential appellant on a separate document. Although it is the Secretary who has the duty to provide notice how to appeal

---

[1] *Irwin* relied on *Cummings v. West*, 136 F.3d 1468, 1472-73 (Fed. Cir. 1998), for the proposition that the notice of appellate rights provided to the appellant in *Irwin* was adequate with regard to the "how" and "when" to file an NOA. Presumably because it was not argued, however, *Irwin* did not address whether the manner in which the notice of appellate rights was presented was so confusing that it rendered the notice of appellate rights inadequate. In contrast to the notice of appellate rights reviewed in *Cummings*, which provided additional information about certain review rights and requirements not related to an appeal to this Court on less than one page, the appellate notice rights in *Irwin* was provided with a myriad of additional information spread over two pages. The appellate notice that Mr. Rickett received is similar to the notice addressed in *Irwin*.

to this Court, our duty to review Board decisions cannot be frustrated by the provision of such notice in such a manner that it leads to confusion.[2] *Cf. Matter of Cox*, 10 Vet.App. 361, 371 (1997) (noting that the Secretary cannot frustrate the Court's statutory appellate jurisdiction and that mandamus is appropriate for "cases in which, absent resort to mandamus, we would lose our ability to review" (quoting *United States v. Christian*, 660 F.2d 892, 894 (3d Cir. 1981))), *vacated on other grounds sub nom. Cox v. West*, 149 F.3d 1360 (Fed. Cir. 1998); *see also Cushman* and *Thurber*, both *supra*.

2. <u>Deemed Filed</u>. As clear as language might appear when one reads it, it nevertheless may require interpretation on a subsequent or more thorough reading. *See*, *e.g. Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 910 (7th Cir. 2009) (revisiting and more broadly interpreting a prior interpretation of the phrases "based upon," and "public disclosure" in 31 U.S.C. § 3730(e)(4)(A) to determine whether the court had jurisdiction to adjudicate a qui tam action to recover improper Medicaid billing). Thus, while the statutory jurisdictional provision that judicial review of a "final" Board decision is initiated when an appellant files "a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed" appears at one glance to be straightforward and without room for interpretation, *see Irwin*, ("Congress has not authorized this Court to excuse compliance with the statutory time limit of 120-days and the requirement that the notice be filed with the Court."), on closer review this simply is not accurate.[3]

The term "Notice of Appeal" requires interpretation; indeed, the interpretation provided in the Rules of the Court, U.S. VET.APP. R. 3(c), was later rejected as too restrictive by the Federal Circuit, *Durr v. Nicholson*, 400 F.3d 1375, 1382-83 (Fed. Cir. 2005). Similarly, although our jurisdictional statute states that the mailing of the Board decision starts the 120-day period in which to file an NOA, the Court has held that the 120-day period begins when the Board decision is mailed *with* the notice of appellate rights. *See Thompson*, *supra* at 177. Likewise, contrary to the view that

---

[2] I ascribe no ill intent with regard to the inclusion of appellate notice rights with the panoply of information related to other review options and requirements that the Secretary must, or otherwise deems appropriate to, provide to veterans.

[3] The majority's suggestion that *Irwin* must somehow be "circumvented" to conclude that a misfiling below might nevertheless be a timely deemed filing at the Court under our jurisdictional statute, 38 U.S.C. § 7264, reflects a failure to consider the time-honored principle that case holdings are limited to the issues raised and decided. Chief Justice Marshall stated:

> It is a maxim not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision. The reason of this maxim is obvious. The question actually before the Court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated.

*See Cohens v. Virginia*, 19 U.S. 264, 399 (1821). *Irwin* closed the door on equitable tolling with regard to misfilings, but it nowhere addressed whether a timely, yet misfiled NOA could be deemed filed at the Court. Thus, the issue is one of interpretation, not circumvention.

our jurisdictional statute "permits no exceptions" to the requirement to file an NOA with the Court within the 120-filing period, *Irwin*, *supra*, a potential appellant gets 121 days to file an NOA if the 120th day is on a Sunday, and 121 days to file an NOA if the 120th day is on a Saturday, and 122 days if the 120th day falls on a Saturday and Monday is a holiday, and potentially more days if the Court is closed for some other reason. U.S. VET.APP. R. 26(a). This is so despite the fact that no extensions are provided in the statute and any such extension is not necessary because an NOA may be filed by fax or attached to an e-mail on the 120th day, even when the Court otherwise is closed. U.S. VET.APP. R. 25.

And, despite the fact that a Board decision is final when it and notice of appellate rights are provided to a potential appellant, which should start the 120-day period in which to file an NOA with the Court, if the potential appellant files a motion for reconsideration with the Chairman of the Board within the 120-day period, the 120-day period in which to file an NOA with the Court begins anew after the Board Chairman renders a decision on the request for reconsideration. *See Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991). This is so, regardless of the fact that a decision of the Board Chairman is not a Board decision, and despite the fact that nothing in the statute suggests that a request for reconsideration not yet acted upon by the Board Chairman somehow renders a Board decision not final.

Further, if you are a confined in an institution,[4] our Rules deem your NOA filed on the date you place it in the institution's internal mail system, U.S. VET.APP. R. 25(b)(4), and for those early days when the Court's address was not readily available, the Court found the judicial interpretative authority to find a filing with the Secretary to be deemed a filing with the Court, *Torres v. Derwinski*, 1 Vet.App. 15, 17 (1990) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). The decision in *Torres* also noted that in the future an NOA would have to be received by the Court to be timely filed, and our Rules reflect this requirement. U.S. VET.APP. R. 4(a). This is so, even though our jurisdictional statute did not at the time (and still does not) specifically require "receipt" to constitute a "filing."[5]

I cite these "exceptions to" or "interpretations of" our jurisdictional statute not to criticize them. Rather, they confirm, in my opinion, that our jurisdictional statute is not without need of

---

[4] Interestingly, "institution" is not defined, raising another interpretation issue as to whether it includes medical confinement in addition to penal confinement, or confinement by a foreign "institution".

[5] The majority's view that for "a document to be filed with the Court, it must first be received by the Court," ante at 3, parrots our rule, U.S. VET.APP. R. 4(a), but no such requirement exists in the statute, *see* 38 U.S.C. § 7266. Similarly, the majority's view that there is "no practical distinction between a document filed and a document 'deemed filed'", ante at 3, ignores reality. If a document is "deemed filed" when received by the Secretary within 120 days of a Board decision, it could make an NOA timely filed and thereby vest the Court with jurisdiction, similar to the consequences of a deemed filing under FED. RULE APP. PROC. 4(d). Finally, the congressional amendments creating a statutory postmark rule and defining when a document was "deemed received" serve to expand the limitation in our Court Rules that an NOA actually had to be received within 120 days of a Board decision to vest the Court with jurisdiction. *See* 28 U.S.C. § 7264(b). Nothing in legislation or legislative history indicates Congress changed the basic requirement that an NOA be "filed" with the Court or otherwise limited or intended to limit our judicial authority to interpret when a misfiled document might be "deemed filed".

interpretation to ensure its application fulfills the intent of Congress to provide our veterans judicial review of their claims provided they "file a notice of appeal [of a final Board decision] with the Court within 120 days after the date on which notice of the [Board] decision is mailed." 38 U.S.C. § 7266(a). Indeed, if "receipt" within 120 days of the mailing of the Board decision truly was a jurisdictional requirement, as opposed to "filing", none of the exceptions noted above could stand.

I also note that in response to interpretations that an NOA must be "received" by the Court within 120 days after the date the Board decision is mailed, Congress amended our jurisdictional statute such that the date of a United States Postal Service postmark on the envelope in which an NOA is mailed, is the date the NOA is "deemed received" by the Court. 38 U.S.C. § 7266(c). Moreover, judicial interpretation creates a rebuttable presumption that it is "deemed received" on the date of normal delivery by the United States Postal Service, *Rios v. Nicholson*, 490 F.3d 928, 932-33 (Fed. Cir. 2007) ("[T]he common law mailbox rule creates a presumption of fact that the mail was actually received by its addressee.")

Just as it is a fact of life that the Court is closed at certain times, underlying the basis for interpreting our jurisdictional statute to permit a filing beyond the 120th day of the mailing of a Board decision, it is a fact of life that NOAs will be filed late, or timely filed, but misfiled. A late filing cannot serve to invoke our jurisdiction. *See Henderson,* and *Bowles,* both *supra.* However, because, as the Supreme Court stated, the relevant question under a jurisdictional statute is "one of timing, not destination," *Houston*, 487 U.S. at 273, a "misfiling" within the 120-day period is viewed differently. Thus, an NOA placed by an inmate with the institution's mail system is "deemed filed" at that time, U.S. VET.APP. R. 25(b)(4), and a veteran's filing with the Secretary was "deemed filed" at a time when the Court's address was not immediately available, *Torres*, *supra.*

Although *Houston* and *Torres* involved circumstances that made it difficult to actually file an NOA with the Court, timing, not specific location, was the key concern. This concept certainly underlies Rule 4(d) of the Federal Rules of Appellate Procedure, which deems the date an NOA is misfiled in a court of appeals to be the date it is filed in the appropriate district court. FED. RULE APP. PROC. 4(d).

Congress gave the Court the authority to prescribe rules of practice and procedure, and directed that the Federal Rules of Appellate Procedure serve as interim rules under the Court until it prescribed its own rules. Pub.L. 101-94, Title II, § 203, Aug. 16, 1989, 103 Stat. 627. Thus, Congress manifested understanding that the Court would prescribe rules similar to the Federal Rules, adjusted for the unique setting of the Court. Most appeals to the Court involve disabled veterans; the Secretary logs in, by date, mail that he receives, and there is no prejudice in requiring him to forward misfiled NOAs to the Court. Applying the basis underlying FRAP 4(d), and our duty to interpret the law, I believe it proper and appropriate that we focus on timing, not location, and that

10

we consider the date an NOA is misfiled with the Secretary to be the date the NOA is filed with the Court.[6]

     For these reasons, I respectfully dissent.

---

[6] To the extent the majority's discussion of the individual exceptions to the 120-day "jurisdictional" filing requirement "with the Court" indicates that my listing of the exceptions was intended to show one of them applied here, I clarify that my listing is intended only to show that it ignores reality to hold that there are no exceptions, or that our jurisdictional statute is not subject to judicial interpretation to effect the intent of Congress. As a final matter, and contrary to my colleagues' observation that exceptions have only been allowed when filing with the Court has been "impossible," I note that: (1) "impossibility" is not an exception to the statute; (2) notices of appeal have been permitted to be filed by fax, on days the Court is closed, since shortly after the Court was established, such that filing on a weekend is not an "impossibility," (3) nothing prevented the appellant in *Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991) from filing an NOA with the Court within 120 days of the mailing of the Board decision, and (4) the appellant in *Torres v. Derwinski*, 1 Vet.App. 15, 16 (1990), was not a prisoner, and descriptions of impossibility notwithstanding, due diligence could have revealed the Court's address, which was available no later than 14 November 1989, within the 120-day filing period.